UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES F. BEIL, | ) | CASE NO. 1:05 CV 2865 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BETTYE HINER, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 13, 2005, plaintiff pro se James F. Beil filed this in forma pauperis action[1] against Bettye Hiner, Key Bank, Cuyahoga County, Cuyahoga County Probation, Miss or Mrs. Pryor, Miss or Mrs. Davern, Timothy McQuinty, and "Other conspirators."  The complaint does not contain allegations intelligible to this court.[2]  For the reasons stated below, this

---

[1] No filing fee was submitted with the complaint.

[2] The complaint sets out the facts underlying the claims as follows:

> "Facts I have a medical Problem from being tortured In Prison games + cruel and unusual punishment continued after when I cooperated went to school a little worked on my business tried to do a little music studied little ways to make money could not work and still can't only on my own tbings I should have had some
> (continued...)

action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a

---

[2](...continued)
relief help instead of bothering my own mother they bothered her + me mad a Mockery of me my mother and dead father who was a Cleveland police and he did other things + you made a bigger mockery of your own system. A system of Greed + cowards It is my duty as a U.S. Citizen to make sure the system works. Plus it is the duty of other Citizens. You people did a Dereliction of Duty going along with evil = evil"

The complaint also contains a summary of its claim:

Civil Rights Complaint   This is a 42 U.S.C.A. §§§§ 1983.1985.1986, 1986+1987e action filed by myself James F. Beil also a client of Cuyahoga illegal probation they sell urine their for $3 + $5 I stood in line for hours in + out of line trying to urinate with a medical problem related to not getting my hernia operations torture after torture. They were rude the first day there the black lady in the uniform. The black lady in court for me sticking up for myself in May 2005 a one sided court = Kangakaroo [sic] Court! There is a Due process of law they did not follow Plus a Hapeas [sic] Corpus. More Violations of the 8th Amendment + the 14th + 1st + 4th.  I had pictures = still have them + the readouts that nobody read or the would of understood. They must have been to busy doing other things they only focused on any thing bad not on anything good or positive or on any advancement or any achievements past or present or future they have to work on their own life and or have a hobby. They can't see or hear I Don't mean that Literally they look but it doesn't compute I'am [sic] a human being with a medical problem. Had to smoke cigarettes before in their [sic] to urinate + continued to do so due to pain Plus can't work out or do things normally all because of dereliction of duty. Miss conduct in office (107) Misuse of Legal System (40) and obstruction of Justice (109). Making sysem [sic] work is my obligation as a U.S.A. citizen (34).Plus Many more enclosed.

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.

Even liberally construed, the complaint does not contain

---

[3]  A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

allegations reasonably suggesting plaintiff might have a valid federal claim. See, Lillard v. Shelby County Bd. of Educ,, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: December 30, 2005        *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE